THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JESÚS MEDINA ORTIZ, Defendant and Appellant.

No. 14971.   Argued March 1, 1951.—Decided March 12, 1951.

242

*Rafael Barbosa* for appellant.   *Víctor Gutiérrez Franqui, Attorney General, J. Rivera Barreras, Fiscal of the Supreme Court,* and *Frank Vizcarrondo Vivas, Assistant Fiscal,* for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

Jesús Medina Ortiz was accused of violation of § 82 of the Penal Code[1] before the District Court of San Juan.   He was charged with having on November 1, 1949 in San Juan illegally, voluntarily, maliciously, and criminally offered and given the sum of $20 to Eduardo Umpierre Pulzoni, executive official of Puerto Rico, in the exercise of his position as examiner of candidates for drivers, for the purpose of influencing his acts, decision, vote and judgment in his official capacity in order that in exchange for said sum he would approve the practical examination for driver which the defendant intended to take.   The case was heard before a jury which rendered a verdict of conviction and the court sentenced him from one year to one year and one month of imprisonment in the penitentiary.   The defendant appealed.

He alleges in the first place that the lower court erred in saying in the presence of the jury that "the court decides that the testimony was voluntary and that the jury shall examine it at the proper time."   Let us examine the facts in connection with this incident:

Pedro Amado Rivera testified that he is an attorney for the Department of the Interior and that he was occupying

---

[1] This Section copied verbatim provides:

"Every person who gives or offers any bribe to any executive officer, with intent to influence him in respect to any act, decision, vote, opinion, or other proceeding as such officer, is punishable by imprisonment in the penitentiary not less than one nor more than fourteen years, and is forever disqualified from holding any office."

said position on November 1, 1949; that on said day Eduardo Umpierre Pulzoni appeared in his office accompanied by a young man who said his name was Jesús Medina, in order to make an investigation on the latter's intention to become a driver; and that he asked Medina if he wished to testify and he answered in the affirmative and Umpierre gave him the usual warnings. . . At that time the attorney for the defense requested the jury to withdraw and the court so ordered. The defense raised a certain objection and the district attorney asked whether it was directed to the voluntariness of defendant's testimony. After several questions and answers which need not be repeated here, the attorney for the defense said that what he was trying to find out was whether defendant's testimony "was voluntary or not." The witness explained the procedure followed by him when he took the defendant's deposition and indicated that the latter had not been promised that he would not be prosecuted or that nothing would happen to him and that he was not forced to testify nor was he threatened. The judge immediately ordered the jury to return and after it arrived he asked the parties whether they admitted that the jury was the same and that it was complete. When the defense as well as the district attorney answered in the affirmative the judge expressed himself thus: "The court decides that the testimony was voluntary and that the jury shall examine it at the proper time. Go ahead." After the district attorney showed the document to the attorney for the defense he put it in the hands of the witness and asked him: "Please say what that is," to which the witness answered that it was a deposition given by Jesús Medina on November 1, 1949. Shortly thereafter the prosecution introduced in evidence the sworn statement given by defendant before Mr. Amado Rivera, and the defense objected to its admission. The district attorney insisted on the fact that the document was admissible and argued the question briefly, as well as the attorney for the defense. The judge then said:

"A statement signed by Jesús Medina Ortiz before Attorney Pedro Amado Rivera has been offered in evidence on statements made by defendant and coetaneous with the commission of the facts with which he is charged and it need not be under oath and the court admits the document."

The defense took an exception to the ruling of the court. The judge immediately ordered the Clerk of the court to read aloud the affidavit and the latter did so in the presence of the jury. It reads:

"I, Jesús Medina Ortiz, under oath declare: that my name is as aforesaid, that I am 23 years of age, unmarried and a resident of 113 Patilla Street, Río Piedras, Puerto Rico. That I am employed with the Polar Ice of Hato Rey in Río Piedras and I have been advised on my right to refuse to testify and that if I do so the testimony may be used against me. That today, November 1, 1949, I came to Puerta de Tierra in order to take the practical examination for chauffeur, taking with me the ticket of the Department of the Interior which entitles me to that examination. That I went to Examiner Umpierre, and I gave him the said ticket and a $20 bill telling him: I give you this so that you will approve my examination. That this happened when we were both already inside the car in which I was going to take the examination. That Umpierre told me then: I can put you in jail for this and I told him to forgive me because I did not know it was wrong. Then Umpierre brought me here to the Department of the Interior for the investigation of the case. That what I have declared is the whole truth. (Signed) Jesús Medina.—Sworn to and subscribed before me by Jesús Medina Ortiz of the aforesaid personal circumstances.—San Juan, P. R., November 1, 1949.—(Signed) Pedro Amado Rivera, Notary Public."

Afterwards when the court gave its instructions to the jury it said: "Other statements of the testimony given coetaneously with the facts of which he is accused have been introduced. A statement is an admission."

The error charged was clearly committed. As we said in *People* v. *Declet*, 65 P.R.R. 22, 25:

". . . in order that an extrajudicial confession be admissible, its voluntary character must be proved. The evidence of

the confession consists of two stages. The first one concerns the judge exclusively. When the confession is offered in evidence, the judge should hear the evidence tending to show whether or not the confession was voluntary. The best practice is to accomplish this in the absence of the jury. If the judge decides, as a matter of law, that there is sufficient evidence to go to the jury on the question of the voluntariness of the confession, he shall call the jury, if the latter has been withdrawn, and then the jury will hear the evidence as to the confession, *it being the province of the jury to determine then, as a question of fact, whether or not it was voluntarily given.* (Authorities) *The burden of proof as to the voluntary character of the confession, as a question of fact, is on the government.* (Citation).

" . . . . . . . . . .

"In view of the fact that the judge, in the presence of the jury, rejected defendant's contention to the effect that no evidence as to the extrajudicial confession be received without previously establishing its voluntary character—in the absence of a specific charge that it was their duty to determine whether or not the confession was voluntary—the jury may have rationally understood that the judge admitted it because he thought it was voluntary and therefore it was admissible, like the rest of the evidence they had received. Since the jury was not instructed either that the burden of proof to establish the voluntary character of the confession rested on the government, the jury may have also believed that said burden rested on the defendant and relieve the government from its obligation to establish that fact.

"The case being tried by a jury, it must be presumed that these errors were prejudicial to the substantial rights of the defendant." (Italics ours.)

See also *People* v. *Otero,* 67 P.R.R. 376, 388.

As we have seen, while the jury was absent, the parties discussed the voluntariness of the testimony and questioned witness Amado Rivera in respect to the way in which it had been given. The judge then ordered the jury to return to the courtroom and after it returned, he immediately stated that the court decided the testimony was voluntary and that the jury would examine it at the proper time. However,

what we decided in *People* v. *Declet, supra,* was not followed in any way since the judge after determining, as a question of law, that there was enough evidence to submit to the jury the question of the voluntariness of the confession instead of permitting it to hear the evidence and after hearing it to determine as a matter of fact whether the confession had been voluntarily made or not, he only indicated to the jury that the deposition was voluntary and that it would examine it at the proper time.

We have already said that the proof of the confession consists of two stages. Although it clearly appears from the record that in the first of said stages the question concerning the voluntariness of the testimony was raised by the defense it does not appear clearly whether or not said question was raised subsequently in the presence of the jury. Be it as it may, we now decide that such thing was not necessary. The burden of proof as to the voluntary character of a confession is always on the district attorney as a matter of fact. It is also the duty of the court to instruct the jury to that effect. In the case at bar the court merely indicated to the jury that the defendant's statements amounted to an admission.

Since the district attorney did not offer to the jury any proof on the spontaneity of the confession; since the jury was not instructed by the court on the fact that the burden of proof to establish that the confession had been voluntarily made by the defendant was on the district attorney; and since the court failed to inform the jury that the latter should determine, as a matter of fact, whether the confession had been voluntarily made or not, it should be presumed that the substantial rights of the defendant in a trial by jury were prejudiced.

The judgment appealed from will be reversed and a new trial ordered.